USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 27 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Arista Records LLC, *et al.*,

                Plaintiffs,

–v–

Vita Tkach, *et al.*,

                Defendants.

15-CV-3701 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On May 22, 2015, Plaintiffs filed an *ex parte* "Proposed Supplemental Order to Show Cause" requesting a court order requiring third-party CloudFlare, Inc. to comply with an existing temporary restraining order. In light of the way in which Plaintiffs framed their request, which appeared to seek a new temporary restraining order against CloudFlare, Inc., the Court held a hearing on the proposed supplemental order to show cause on Tuesday, May 26, 2015 at 12:00 p.m. and set a briefing schedule for CloudFlare, Inc. to respond to the order to show cause. The Court also suggested the possibility of a subsequent hearing within 14 days to address a preliminary injunction, which is the usual practice for *ex parte* temporary restraining orders. Upon further reflection, the Court deems the discussed procedural posture inappropriate and provides this Order for clarification of the procedure going forward.

    Although Plaintiffs captioned their request as an order to show cause for a preliminary injunction and a temporary restraining order in the interim, upon reflection it appears that a more accurate description of the relief sought is a noticed motion for contempt for violation of the existing temporary restraining order, *New York v. Operation Rescue Nat'l*, 80 F.3d 64, 70 (2d Cir. 1996) ("The party seeking enforcement of an order bears the burden of demonstrating that the persons to be held in contempt are within the scope of the injunction."), or a noticed motion for clarification of the existing temporary restraining order, *NML Capital, Ltd. v. Rep. of Arg.*, 727 F.3d 230, 243 (2d Cir. 2013) ("Every injunction issued by a district court automatically forbids others—who are not directly enjoined but who act in active concert or participation with an enjoined party—from assisting in a violation of the injunctions. In any event, the Supreme

Court has expressed its expectation that, when questions arise as to who is bound by an injunction through operation of Rule 65, district courts will not withhold a clarification in the light of a concrete situation." (citations and internal quotation marks omitted)). Because there is already an existing temporary restraining order and an existing order to show cause for a preliminary injunction against the named Defendants, the apparent purpose of the present request is to determine whether CloudFlare, Inc. is bound by the existing temporary restraining order and whether it will be bound by any forthcoming preliminary injunction against the Defendants, if one is entered.

Therefore, the Court hereby clarifies that it will treat the Plaintiffs' pending request as an expedited contempt motion for violation of the existing temporary restraining order or, alternatively, an expedited motion for clarification of the existing temporary restraining order, not a separate temporary restraining order with the possibility of a separate and subsequent preliminary injunction hearing. Accordingly, after opposition briefing on the contempt/clarification motion is filed on or before 5:00 p.m. on Thursday, May 28, 2015, the parties shall indicate via joint letter by 5:00 p.m. on Friday, May 29, 2015 whether they want an evidentiary hearing on the motion or if the parties agree that the Court can resolve any material factual matters based on the written submissions. If any party requests a hearing, the parties shall jointly propose a schedule. The parties should assume that there will be no additional opportunity to present evidence on contested factual matters related to the pending contempt/clarification motion.

SO ORDERED.

Dated: May 27, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge