UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, CAPITOL RECORDS, LLC, ELEKTRA ENTERTAINMENT GROUP INC., LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., WARNER MUSIC GROUP CORP., and ZOMBA RECORDING LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>VITA TKACH, and DOES 1-10, D/B/A GROOVESHARK.IO AND GROOVSHARK.PW<br><br>*Defendants*. | CIVIL ACTION<br>NO. 15-CV-03701-AJN |

**NON-PARTY CLOUDFLARE INC.'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR A SUPPLEMENTAL ORDER**

William J. Harrington, Esq.
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: 212.813.8800

Grant Fondo, Esq.*
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
Tel: 650.752.3100

Mitchell L. Stoltz, Esq.*
Corynne McSherry, Esq.*
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel: 315.425.2700

*Counsel For Third Party CloudFlare, Inc.*

*(*Pro Hac Vice Applications To Be Submitted.)*

Dated: June 1, 2015

Plaintiffs and non-party CloudFlare, Inc. disagree about the standard for enforcing a preliminary injunction against a non-party, with Plaintiffs seeming to contend that the Court may enjoin CloudFlare if its systems are necessary to Defendants' continued operations. (Plaintiffs' Reply, at 1). The necessity of the service is not the standard. But even taken on its own terms, Plaintiffs' position about the necessity of CloudFlare's services is based on an incorrect reading of the facts set forth in the materials that CloudFlare submitted. Accordingly, CloudFlare submits this sur-reply to correct Plaintiffs' factual errors about how the Internet, DNS, and CloudFlare's services actually function.

Plaintiffs contend that the entity that controls a website's authoritative nameserver has the ability to control the website's domain name. Specifically, Plaintiffs contend that CloudFlare has the "ability to block, transfer or reassign" various domain names containing the term 'grooveshark.' Indeed, Plaintiffs claim that a declaration submitted by CloudFlare's Systems Engineer, Mr. Guðmundsson, supports Plaintiffs' contention. (Plaintiffs' Reply, at 3). Plaintiffs further assert that CloudFlare could render grooveshark.li "*unfindable* by its domain name" because CloudFlare operates an authoritative nameserver currently used by that domain. (Plaintiffs Reply, at 4 n1., emphasis in the original).

These contentions are factually incorrect and vastly overstate CloudFlare's relationship to the operation of that website. First, Defendants—or whoever controls grooveshark.li—assign and always retain the ability to assign the authoritative nameserver. CloudFlare cannot block, transfer or reassign a domain name. In this context, "authoritative" is a term of art. It does not mean that the authoritative DNS server has control over the configuration of any domain name, the website(s) to which a domain name points, or the contents of any website. Second Declaration of Ólafur Guðmundsson, ¶ 2 ("2nd Guðmundsson Decl."). "Authoritative" DNS just

1

means that this particular database listing is, at a particular point in time, a primary reporter of the IP address that the domain name connects to. *Id.*

Second, any website owner can run his or her own authoritative nameserver or simply designate a new name server as the authoritative nameserver for their website. CloudFlare does not control the assignment of that authoritative nameserver; that assignment occurs outside of CloudFlare's network. Simply put, Defendants do not need any particular third party to operate their authoritative nameserver in order to keep their website available or findable. 2nd Guðmundsson Decl., ¶ 3. Therefore, CloudFlare is not helping Defendants circumvent the TRO.

Third, no action by CloudFlare can render the website unfindable. At most, for some users, the deconfiguration of DNS within the CloudFlare network would result in the website not returning a request for the domain name. 2nd Guðmundsson Decl., ¶ 4(a). Users would still be able to navigate to the site by Internet Protocol address, or by alternative DNS configurations. 2nd Guðmundsson Decl., ¶ 4(b)-(c).

In addition, such effects of any DNS deconfiguration by CloudFlare are likely to be short-lived, if they occur at all. Defendants likely already have systems in place to automatically switch authoritative DNS providers if CloudFlare stops providing services, eliminating the need for Defendants to intervene at all. 2nd Guðmundsson Decl., ¶ 4(d). This would mean that the Defendants' websites would still be operational at the same domain name even if CloudFlare deconfigured that domain name. In attempting to meet their burden, Plaintiffs have offered no factual information about the Defendants' network suggesting that this common configuration is not in place.

CloudFlare continues to believe that the alleged necessity of its services is not relevant to whether it is properly subject to the TRO and, therefore, does not and cannot assist Plaintiffs.

But even accepting arguendo Plaintiffs' framing of the issue, they still cannot carry their burden of demonstrating that CloudFlare controls grooveshark.li or has the ability to make grooveshark.li "unfindable."

DATED: June 1, 2015            Respectfully submitted,

                               /s/William J. Harrington

                               William J. Harrington, Esq. (WH-6376)
                               Grant Fondo, Esq. (pro hac motion to be submitted)
                               GOODWIN PROCTER LLC

                               Mitchell L. Stoltz, Esq. (pro hac motion to be submitted)
                               Corynne McSherry, Esq. (pro hac motion to be submitted)
                               ELECTRONIC FRONTIER FOUNDATION

                               *Attorneys for Non-Party CloudFlare, Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2015, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices and caused copies of the aforementioned document to be served via first class mail, postage prepaid upon the non-CM/ECF participants.

/s/William J. Harrinton