UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, CAPITOL RECORDS, LLC, ELEKTRA ENTERTAINMENT GROUP INC., LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., WARNER MUSIC GROUP CORP., and ZOMBA RECORDING LLC,

    *Plaintiffs,*

v.

VITA TKACH, and DOES 1-10, D/B/A GROOVESHARK.IO AND GROOVSHARK.PW

    *Defendants.*

CIVIL ACTION
NO. 15-CV-03701-AJN

---

**Second Declaration of Ólafur Guðmundsson in Further Support of Non-Party CloudFlare, Inc.'s Opposition to Plaintiff's Application for Supplemental Order**

I, Ólafur Guðmundsson, declare and state as follows:

1. My name is Ólafur Guðmundsson. My credentials are as listed in the Declaration of Ólafur Guðmundsson in Support of Non-Party CloudFlare, Inc.'s Opposition to Plaintiff's Application for Supplemental Order, ¶¶ 2-3.
2. "Authoritative nameserver" is a technical term that describes a nameserver designated by a domain name owner to report one or more IP addresses to be associated with their domain name. Use of the term "authoritative nameserver" does not imply that the owner of such a nameserver has control over the names it answers for, control over the records within the nameserver, nor control over the contents of any website. The term authoritative refers to the fact that the server is a current source of DNS records and not a source of cached records. A source of cached records is called a resolver. A resolver will cache records for up to the time expressed in the record header, thus resolvers may give out records that differ from what an authoritative server will return at that moment.
3. Any website owner can run its own authoritative nameserver. In my opinion, the expense and technical skill required to run an authoritative nameserver is much less than that which is needed to run one's own webserver or website. Therefore, if every DNS provider in the world besides the Defendants were to stop providing authoritative name services to the Defendants, Defendant's website(s) would still be accessible at the same domain name(s).
4. CloudFlare cannot render a customer's website "unfindable by its domain name."
    a. If CloudFlare completely deconfigures DNS for a customer's domain name, the most likely result by far is that the domain name will briefly fail to resolve for some Internet users.
    b. If DNS queries were not to return any answers at all, any website would still be available to the public, using any web browser, by direct navigation to the website's Internet Protocol address.
    c. There are other methods to ensure that a website will be available and findable. Basically this involves having the web servers answer for many different domain names with identical content. In other words, the domain example.com could be used as a base name and could have example.se, example.de, example99.it, example97.us, etc. When one domain name is taken down, the next can be announced.
    d. Website owners often have backup DNS systems in place, configured to immediately switch to new authoritative DNS servers in case their current authoritative DNS servers return an unexpected response such as REFUSED, or bad data.

I swear under penalty of perjury under the laws of the United States that the foregoing is true and correct.
Date: May 31, 2015

_____
Ólafur Guðmundsson

CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2015, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices and caused copies of the aforementioned document to be served via first class mail, postage prepaid upon the non-CM/ECF participants.

/s/William J. Harrinton