UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, CAPITOL RECORDS, LLC, ELEKTRA ENTERTAINMENT GROUP INC., LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., WARNER MUSIC GROUP CORP., and ZOMBA RECORDING LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>VITA TKACH, and DOES 1-10, D/B/A GROOVESHARK.IO AND GROOVESHARK.PW<br><br>*Defendants*. | CIVIL ACTION<br>NO. 15-CV-03701 |

**PLAINTIFFS' RESPONSE TO NON-PARTY CLOUDFLARE, INC.'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR A SUPPLEMENTAL ORDER**

Although it claimed to need a Sur-Reply to correct supposed "factual errors" in Plaintiffs' Reply, CloudFlare's latest filing identifies no such errors and, instead, confirms once again that CloudFlare continues to aid and abet Defendants in the operation of their Counterfeit Service. As shown in the accompanying declaration of University of Chicago computer science Professor Ian T. Foster, Plaintiffs and CloudFlare's systems engineer, Ólafur Guðmundsson, are in agreement on the material facts, and any points of difference between Plaintiffs and CloudFlare reside only in CloudFlare's mischaracterization of those facts and the imprecision of some of Mr. Guðmundsson's statements. *See* Declaration of Ian T. Foster, dated June 2, 2015 ("Foster Decl."), submitted herewith.

In particular, CloudFlare seeks to convey the misimpression that the cessation of its services to the Counterfeit Service will result automatically in the continued, uninterrupted operation of the Counterfeit Service without any change or degradation, and without the need for any further action by Defendants. As Professor Foster explains, this is not accurate, nor do the declarations of Mr. Guðmundsson claim it to be so. *See* Foster Decl. ¶¶4-6. Rather, "unless and until Defendants designate different authoritative nameservers with their registrar, a deconfiguration of 'grooveshark.li' on the CloudFlare nameservers would yield no or bad data in response to a DNS query, in which case a user relying on the query would not be able to find the website's IP address, and thus communicate with it, based on the site's domain name." *Id.* ¶4.

More fundamentally, CloudFlare's exclusive focus on the provision of nameservers ignores the other services that CloudFlare continues to provide to the Counterfeit Service. *See* Foster Decl. ¶7 (noting that availability of alternative nameservers is "beside the more fundamental point that, regardless of how easy it may be for the Defendants to use authoritative nameservers other than CloudFlare's, CloudFlare currently provides those nameservers for the website at issue here, and it does so in order to provide the website with CloudFlare's core

services of website optimization and security"). Indeed, CloudFlare requires its website customers to designate CloudFlare's nameservers as their authoritative nameservers precisely to enable CloudFlare to provide its broader suite of services, which are expressly designed to enhance the operations of those websites and make them more available to the websites' users. As CloudFlare itself promotes to its customers, "CloudFlare makes your site faster." www.cloudflare.com/features-cdn, attached at Supp. Servodidio Decl., Ex. D.  By providing these services expressly to enhance the Defendants' Counterfeit Service and make it "faster" and more secure, and doing so with full knowledge of the Counterfeit Service's illegality and Defendants' contempt of this Court's Order (now a Preliminary Injunction), CloudFlare is unquestionably aiding and abetting Defendants' flagrant violation of this Court's Order and should therefore be bound thereby.

At bottom, CloudFlare's position remains that it should be permitted to continue to provide all of its services to the Counterfeit Service simply because Defendants could find a substitute for CloudFlare's nameserver service, though no substitute would enable CloudFlare to deliver its broader suite of services to Defendants.  As this Court has already observed, however, such an argument cannot hold water.  *See* Declaration of Alison I. Stein, Ex. A (Transcript of Hearing at 16:20-23 (May 26, 2015) ("[I]f what you're saying is if you stop CloudFlare from doing that someone else will do it, therefore don't stop CloudFlare from doing it, that doesn't get you very far, as I am sure you recognize.")).

| | |
|---|---|
| DATED:  New York, NY<br>　　　　　June 3, 2015 | Respectfully submitted,<br><br>JENNER & BLOCK LLP<br><br><br>By:     /s/Kenneth L. Doroshow　　　　　<br>　　　Kenneth L. Doroshow (KD-8374)<br>　　　1099 New York Ave., N.W.<br>　　　Suite 900<br>　　　Washington, DC 20001<br>　　　Telephone:  (202) 639-6027<br>　　　Facsimile:  (202) 639-6066<br><br>　　　Andrew H. Bart (AB-6724)<br>　　　Gianni P. Servodidio (GS-0713)<br>　　　Lindsay W. Bowen (LB-8510)<br>　　　Alison I. Stein (AS-2884)<br>　　　Ava U. McAlpin (AM-4645)<br>　　　919 Third Avenue<br>　　　39th Floor<br>　　　New York, NY 10022<br>　　　Telephone:  (212) 891-1600<br>　　　Facsimile:   (212) 891-1699<br><br>　　　*Attorneys for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

I, Ava U. McAlpin, hereby certify that on this 3rd day of June 2015, I caused true and correct copies of *Plaintiffs' Response to Non-Party CloudFlare, Inc.'s Sur-Reply in Opposition to Plaintiffs' Application for a Supplemental Order* and accompanying papers to be served upon registered participants as identified on the Notice of Electronic Filing (NEF) via ECF and upon Defendants via electronic mail.

                                                                 /s/ Ava U. McAlpin  
                                                                 Ava U. McAlpin