UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, CAPITOL RECORDS, LLC, ELEKTRA ENTERTAINMENT GROUP INC., LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., WARNER MUSIC GROUP CORP., and ZOMBA RECORDING LLC,

 Plaintiffs,

v.

VITA TKACH, and DOES 1-10, D/B/A GROOVESHARK.IO AND GROOVSHARK.PW

 Defendants.

CIVIL ACTION
NO. 15-CV-03701-AJN

**Declaration of David Koston in Support of Non-Party CloudFlare, Inc.'s Motion for Clarification of the Preliminary Injunction**

I, David Koston, declare and state as follows:

1. My name is David Koston. I have worked at CloudFlare for over a year. I am currently a Platform Engineer at CloudFlare. I run the team that is responsible for onboarding and maintaining customer data.

2. Prior to the Court's Order of June 3, 2015, a CloudFlare customer with no evident connection to the Defendants in this case used a CloudFlare account in connection with the domain "groovesharknews.com." CloudFlare has terminated that account.

3. Usually, between 5000 and 7000 new domains sign up for CloudFlare's services per day.

4. CloudFlare does not have currently have a mechanism to filter users at the time of registration by domain name. CloudFlare can block particular domain names from registering, but cannot do so in an automated fashion based on particular terms. For example, CloudFlare could potentially block www.example.com, but such a

block would not cover www.anotherexample.com, or www.example.net. Any filtering that is more fine-grained would have to be done by examining the list of domains registered for CloudFlare by hand.

5. CloudFlare has no way of identifying free customers other than by IP address, physical address, and email address. If such information differs, there is no way to link domain names that might be created by the same person or persons.

6. Based on its customer management systems, CloudFlare has no way to determine if a user has the legal right to use a particular domain. In order to turn on CloudFlare's services, a user must exercise control over the DNS settings for a given domain. However, control over a domain's DNS settings has nothing to do with authorization to use any trademarks that may appear in the domain name or any other grant of legal rights. Thus, it is not possible for CloudFlare to determine whether a particular customer's use of its website or domain is legally permissible.

7. It is not feasible for CloudFlare to monitor the contents of customers' websites for trademark or copyright infringement. CloudFlare has over 2 million sites on its network, and has no technical means of keeping track of the provenance of or rights to the content on any particular site.

8. CloudFlare allows reporting of copyright and trademark infringement via its abuse page, and passes such reports on to the host of the content.

I swear under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: June 17, 2015

David Koston

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                     /s/ Grant P. Fondo