UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, CAPITOL RECORDS, LLC, ELEKTRA ENTERTAINMENT GROUP INC., LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., WARNER MUSIC GROUP CORP., and ZOMBA RECORDING LLC,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>VITA TKACH, and DOES 1-10, D/B/A GROOVESHARK.IO AND GROOVESHARK.PW<br><br>    *Defendants*. | 15-CV-3701 (AJN)<br><br>**DECLARATION OF GIANNI P. SERVODIDIO IN SUPPORT OF PLAINTIFFS' ORDER TO SHOW CAUSE FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

I, Gianni P. Servodidio, declare as follows:

1. I am a member in good standing of the Bar of this Court and a lawyer with the law firm of Jenner & Block LLP, attorneys for Plaintiffs in the above-captioned action. The statements made in this affidavit are based upon my personal knowledge or upon information provided to me by personnel working under my supervision that I believe to be correct.

2. Plaintiffs commenced this action on May 12, 2015 with the filing of a Summons, Complaint, and *Ex Parte* Application for a Temporary Restraining Order, Seizure Order, and Order to Show Cause for Preliminary Injunction (the "TRO Application") against Defendants who launched and operated a "copycat" version of a well-known music streaming service known as "Grooveshark" (hereinafter the "Counterfeit Service").

3. Attached hereto as Exhibit A is a true and correct copy of the Summons and

Complaint filed in this Action. *See* Dkt. No. 17.

4. Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' Memorandum of Law in Support of Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order, Seizure Order, and Order to Show Cause for Preliminary Injunction, and declarations and exhibits in support thereof. *See* Dkt. Nos. 19-24.

5. On May 13, 2015, the Part I Judge of this Court granted Plaintiffs' TRO Application and enjoined Defendants from infringing Plaintiffs' trademarks and copyrights (hereinafter the "TRO"). The TRO further required that Defendants' then-current domain name registrar Namecheap Inc. ("Namecheap") prevent the transfer of the groovshark.io and grooveshark.pw domain names to any third party and render them inaccessible during the pendency of this action. Attached hereto as Exhibit C is a true and correct copy of the TRO.

6. On May 15, 2015, Plaintiffs served Defendants with the Summons and Complaint by electronic mail at the following email addresses: thenewgrooveshark@gmail.com and 2af208056fad4d97a638f8637d56fc65.protect@whoisguard.com. *See* Declaration of Alison I. Stein in Support of Plaintiffs' Order to Show Cause for Default Judgment, ¶ 2 & Ex. A (filed concurrently herewith).

7. On May 21, 2015, Plaintiffs filed the proof of service of the Summons and Complaint with this Court. *See* Dkt. No. 34, ¶ 11.

8. On May 21, 2015, this Court informed the parties that if Defendants failed to submit answering papers by May 29, 2015, or otherwise failed to indicate a willingness to participate in the litigation, the Court would grant Plaintiffs' request for a preliminary injunction (hereinafter the "May 21 Order"). *See* Dkt. No. 33.

9. That same day, Plaintiffs served the Court's May 21 Order upon Defendants. *See*

Dkt. No. 41, ¶ 2.  Defendants failed to file any response thereto or otherwise appear in the action.

10. On June 1, 2015, the Court entered a preliminary injunction against Defendants and those in active concert or participation with them, enjoining, *inter alia*, the operation of the Counterfeit Service (hereinafter the "Preliminary Injunction").  *See* Dkt. No. 53.

11. Plaintiffs served the Preliminary Injunction Order on Defendants, *see* Dkt. No. 54, who once again ignored it while they continued to operate the Counterfeit Service (accessible by that point at the grooveshark.li domain name).

12. Defendants continued to persist in full force with their infringing conduct. Indeed, after the shutdown of grooveshark.io, Defendants were quoted in the media saying: "You will not stop us . . . after this hit we're more determined than ever to keep grooveshark alive and kicking."  Attached hereto as Exhibit D is a true and correct copy of the May 15, 2015 article appearing in *Billboard* in which Defendants are quoted.

13. During this time period, Plaintiffs sought leave to have CloudFlare, Inc. ("CloudFlare"), a third-party provider of Internet services, comply with the Court's orders by ceasing its ongoing provision of services to the Counterfeit Service.  When CloudFlare refused to discontinue the provision of its services to Defendants after being served with the TRO, Plaintiffs filed a Supplemental Application asking the Court to confirm that the TRO and Preliminary Injunction applied to CloudFlare.  *See* Dkt. No. 35.

14. On June 3, 2015, the Court issued an order confirming that CloudFlare was bound by the TRO and Preliminary Injunction and ordered that it cease providing services to Defendants.  *See* Dkt. No. 58.[1]

---

[1] On July 9, 2015, the Court clarified that, upon receipt of notice from Plaintiffs or if CloudFlare otherwise has knowledge of an infringement on the part of one of its customers, CloudFlare shall

3

15. On June 3, 2015, CloudFlare complied with the Court's Order and stopped providing its service to Defendants.

16. On June 10, 2015, Plaintiffs filed a motion for leave to conduct third party discovery, *see* Dkt. Nos. 61-63, which was granted by the Court on June 25, 2015. Dkt. No. 75.

17. Through documents received in third party discovery, Plaintiffs confirmed that Vita Tkach is the registrant for the "Grooveshark.vc" and "grooveshark.li" domain names, and that Vita Tkach has operated the Counterfeit Service from the Ukraine.

18. Third party discovery reveals that Defendants appear to have no legitimate business activities that would be harmed by an injunction.

19. To date, Defendants have failed to submit any answering papers in this action. Defendants are, therefore, in default by more than 4 months.

20. Attached as Exhibit E is a true and correct copy of the Clerk's Certificate of Default, entered on October 27, 2015. Dkt. No. 86.

21. As set forth in Plaintiffs' Memorandum of law filed herewith, Plaintiff UMG seeks an award of maximum statutory damages under the Lanham Act for willful trademark counterfeiting under 15 U.S.C. § 1117(c)(2) in the amount of $4,000,000; and for willful cybersquatting under 15 U.S.C. § 1117(d) in the amount of $400,000; and all Plaintiffs seek an award of maximum statutory damages under the Copyright Act for willful infringement of their copyrights under 17 U.S.C. § 504(c) in the amount of $13,350,000. Plaintiffs further seek an award of reasonable fees and costs in an amount to be determined by further submission as provided for under 17 U.S.C. § 505 and 15 U.S.C. § 1117(a).

22. An evidentiary hearing regarding damages is not required as the uncontested

---

cease providing its services to that customer as soon as possible, but no later than 48 hours after receiving such notice or obtaining such knowledge. *See* Dkt. No. 82.

evidence filed in support of Plaintiffs' TRO Application readily establishes the bases for the statutory damage awards specified in the default judgment. For example, Plaintiffs' declarations establish their ownership of the copyrighted works at issue, along with Defendants' infringement of those works. *See* Dkt. Nos. 19, 21, 22, 24, 38. Plaintiffs' evidence also demonstrates proof of valid trademark federal registrations for the Grooveshark marks owned by Plaintiff UMG Recordings, Inc. *See* Dkt. No. 24. When addressing statutory damages in the default context, multiple courts in this district have conducted an inquiry into damages based on such written submissions alone. *See, e.g., Manno v. Tenn. Production Ctr., Inc*, 657 F. Supp. 2d 425, 431 (S.D.N.Y. 2009) (conducting inquiry into damages based on parties' written submissions and finding defendant's conduct demonstrated willfulness in determining statutory damages); *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124-25 (S.D.N.Y. 2003) (awarding statutory damages based on plaintiffs' written submissions).

I declare under the penalty of perjury that the foregoing is true and correct.

Executed: October 28, 2015
New York, New York

*[signature]*

Gianni P. Servodidio (GS-0713)
JENNER & BLOCK LLP
919 Third Avenue, 38th Floor
New York, NY 10022
Telephone:   (212) 891-1600
Facsimile:    (212) 891-1699