UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 11 2015

---

ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, CAPITOL RECORDS, LLC, ELEKTRA ENTERTAINMENT GROUP INC., LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., WARNER MUSIC GROUP CORP., and ZOMBA RECORDING LLC,

*Plaintiffs*,

v.

VITA TKACH and DOES 1-10, D/B/A GROOVESHARK.IO and GROOVESHARK.PW

*Defendants*.

15-CV-3701 (AJN)

DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER

---

**THIS MATTER** is before me on Plaintiffs Arista Records LLC, Atlantic Recording Corp., Capitol Records, LLC, Elektra Entertainment Group Inc., LaFace Records, LLC, Sony Music Entertainment, UMG Recordings, Inc., Warner Bros. Records Inc., Warner Music Group Corp., and Zomba Recording LLC (collectively "Plaintiffs") request for entry of a default judgment and permanent injunction. *See* Dkt. Nos. 87-91.

On May 12, 2015, Plaintiffs commenced this action against Defendants Vita Tkach and Does 1-10, d/b/a Grooveshark.io and Grooveshark.pw (collectively "Defendants") asserting claims for trademark counterfeiting, unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, cybersquatting under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1), and copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* Plaintiffs moved *ex parte* for a temporary restraining order

("TRO"), seizure order, and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65, 15 U.S.C. § 1116 (Section 34 of the Lanham Act), 17 U.S.C. § 502 (the Copyright Act), and 28 U.S.C. § 1651(a) (the All Writs Act).

On May 13, 2015, the then-presiding Part 1 Judge entered a TRO against Defendants and those in active concert and participation with them (the "TRO"), and ordered to Defendants to file any answering papers on or before May 20, 2015. *See* Dkt. No. 18. On May 13, 14 and 15, 2015, Plaintiffs served Defendants, their domain name registrars, and third party service provider CloudFlare, Inc. ("CloudFlare") with a copy of the TRO, as well as the Summons and Complaint. *See* Dkt. No. 34.

On May 22, 2015, Plaintiffs filed an Application for a Supplemental Order requiring CloudFlare to comply with the TRO ("Application for Supplemental Order"). Dkt. No. 35.

On June 1, 2015, in light of Defendants' failure to participate in the litigation, this Court converted the TRO into a preliminary injunction and granted the preliminary injunction against Defendants (the "June 1 Order" or the "Preliminary Injunction"). Dkt. No. 53. The June 1 Order was served upon Defendants on June 2, 2015. Dkt. No. 54.

On June 3, 2015, the Court clarified that the Preliminary Injunction covered those individuals and entities in active concert or participation with the Defendants, including CloudFlare. *See* Dkt. No. 58. On July 9, 2015, the Court provided further clarification with respect to the manner in which the Preliminary Injunction applies to CloudFlare. *See* Dkt. No. 82.

To date, Defendants have not answered the Complaint or otherwise appeared in the litigation in any manner. On October 27, 2015, the Clerk of Court entered a default against

Defendants. On October 28, 2015, Plaintiffs moved for a final default judgment pursuant to Federal Rule of Civil Procedure 55(b).

This Court having found, upon a showing by Plaintiffs, *inter alia*, the following:

1. That Plaintiff UMG Recordings, Inc. ("UMG") is the owner by assignment of all right, title, interest, and all goodwill in and to, *inter alia*, the word mark "Grooveshark" and the shark fin logo design featured on the Grooveshark.com website (hereinafter "Grooveshark Marks"), and that the Grooveshark Marks are valid and protected by federal registration;

2. That Defendants have engaged in willful counterfeiting, trademark infringement and the use of false designations of origin through their adoption, use in commerce and promotion of counterfeit copies and colorable imitations of the Grooveshark Marks in order to mislead and deceive consumers as to source, sponsorship or authorization of a "clone" of the original Grooveshark music streaming service (the "Counterfeit Service");

3. That Defendants have registered and used the domain names grooveshark.io, grooveshark.pw, grooveshark.vc, and grooveshark.li (the "Infringing Domain Names") in bad faith in order to mislead and deceive consumers as to the source, sponsorship or authorization of the Counterfeit Service;

4. That Plaintiffs' copyrights at issue in this lawsuit are valid and entitled to protection, and that Plaintiffs are either owners or exclusive licensees of those copyrights;

5. That Defendants have engaged in willful copyright infringement of Plaintiffs' copyrights through the Counterfeit Service, which allows users to download and

    stream infringing copies of Plaintiffs' copyrighted sound recordings directly from servers operated or controlled by Defendants, in violation of Plaintiffs' copyrights;

6. That Plaintiffs have suffered irreparable injury; that remedies available at law are inadequate to compensate Plaintiffs for that injury; that, considering the balance of the hardships between Plaintiffs and Defendants, a remedy in equity is warranted; and that a permanent injunction would be in the public interest;

7. That Defendants have violated both the TRO and Preliminary Injunction issued by this Court and have attempted to conceal their identities and move the Counterfeit Service outside of this Court's reach;

The Court **HEREBY ORDERS** that Defendants are liable for willful federal trademark counterfeiting and infringement under 15 U.S.C. §1114, the use of false designation of origin under 15 U.S.C. §1125(a), cybersquatting under 15 U.S.C. § 1125(d)(1), and willful copyright infringement under 17 U.S.C. § 504(c)(2), and that this Default Judgment and Permanent Injunction is entered against Defendants.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(d), 17 U.S.C. § 502, 15 U.S.C. §§ 1116 & 1125, 28 U.S.C. § 1651(a), and this Court's inherent equitable powers, Defendants, their officers, agents, servants, employees, confederates, and any persons in active concert or participation with them are permanently enjoined and restrained from:

1. Using the Grooveshark Marks in any manner in connection with the advertising, offering for sale, or sale of any service or product, not provided by or authorized by Plaintiff UMG;

2. Committing any acts calculated to cause consumers to believe that the Counterfeit Service or any other use of the Grooveshark Marks is offered under the control and supervision of Plaintiff UMG or sponsored or approved by, connected with, guaranteed by, or produced under the control and supervision of Plaintiff UMG;

3. Infringing any of the Grooveshark Marks and damaging Plaintiff UMG's goodwill;

4. Otherwise competing unfairly with Plaintiff UMG in any manner;

5. Using, registering, linking to, owning, or otherwise exercising control over the Infringing Domain Names or any other domain name that incorporates, in whole or in part, any of the Grooveshark Marks;

6. Directly or secondarily infringing, via the operation of the Counterfeit Service or otherwise, Plaintiffs' copyrights in sound recordings now in existence or later created; and

**IT IS FURTHER ORDERED** that, pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff UMG is awarded statutory damages for willful trademark counterfeiting in the amount of two million dollars and no cents ($2,000,000.00) against Defendants for each of the Grooveshark Marks, for a total award of statutory damages in the amount of four million dollars and no cents ($4,000,000.00) against Defendants; and

**IT IS FURTHER ORDERED** that, pursuant to 15 U.S.C. § 1117(d), Plaintiff UMG is awarded statutory damages for willful cybersquatting in the amount of one hundred thousand dollars and no cents ($100,000.00) against Defendants for each of the Infringing Domains, for a total award of statutory damages in the amount of four hundred thousand dollars and no cents ($400,000.00) against Defendants; and

**IT IS FURTHER ORDERED** that, pursuant to 17 U.S.C. § 504(c)(2), Plaintiffs are awarded statutory damages for willful copyright infringement in the amount of one hundred and fifty thousand dollars and no cents ($150,000.00) for each of the eighty-nine (89) sound recordings infringed by Defendants for a total award of statutory damages in the amount of thirteen million, three hundred and fifty thousand dollars and no cents ($13,350,000).

**IT IS FURTHER DECLARED** that, pursuant to 17 U.S.C. § 505, Plaintiffs are entitled to an award of attorneys' fees and costs; and the Court shall therefore retain jurisdiction to determine the reasonable amount of such fees and costs based upon a motion to be filed by Plaintiffs, along with the necessary supporting documentation in accordance with the Federal and Local Rules.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(d), 17 U.S.C. § 502, 15 U.S.C. §§ 1116 & 1125(d), 28 U.S.C. § 1651(a), this Court's inherent equitable powers, and in order to give practical effect to the Permanent Injunction, Defendants, their officers, agents, servants, employees, or attorneys, and any persons in active concert or participation with them (including but not limited to any domain name registrars or registries holding or listing any of the Infringing Domain Names) are hereby permanently **RESTRAINED** and **ENJOINED** from allowing the continued use, or the transfer to any person other than Plaintiffs, of the Infringing Domain Names. **IT IS FURTHER ORDERED** that the Infringing Domain Names be immediately transferred to Plaintiffs' control.

**IT IS FURTHER ORDERED** that, in accordance with the terms of the Court's June 3, 2015 Order and its July 9, 2015 Order modifying same (Dkt. Nos. 58 & 82), CloudFlare is bound by this Order. Upon receipt of notice from Plaintiffs or if CloudFlare otherwise has knowledge of an infringement or other violation of the Permanent Injunction on the part of one of its

customers, CloudFlare shall cease providing its services to that customer as soon as possible, but no later than 48 hours after receiving such notice or obtaining such knowledge. CloudFlare may expeditiously notify its customers of any impending termination of their accounts as a result of this and related Court Orders; and

    **IT IS FURTHER ORDERED** that the bond posted by Plaintiffs is hereby released; and

    **IT IS FINALLY ORDERED** that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation, enforcement and/or modification of this Default Judgment and Permanent Injunction.

    This is a **FINAL JUDGMENT**.

    **SIGNED** this __11__ day of ____December____, 2015.

_____
ALISON J. NATHAN
United States District Judge

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____